## DANIEL v. KITTRELL.

### No. 2618.

Court of Civil Appeals of Texas. Waco.

July 13, 1944.

Rehearing Denied Sept. 21, 1944.

872

See also 188 S.W.2d 404.

C. O. McMillan, of Stephenville, for appellant.

S. R. Allen, of Hamilton, for appellee.

HALE, Justice.

This is an appeal from an order sustaining certain pleas of exception and res judicata interposed by defendant to the allegations contained in plaintiff's third amended original petition. It is the fourth appeal growing out of this litigation. In her original petition plaintiff prayed for (1) the immediate issuance of a temporary restraining order, restraining defendant from proceeding with a non-judicial foreclosure on certain real estate under a deed of trust therein described; (2) the issuance of a temporary injunction upon notice and a hearing, enjoining defendant from proceeding with the sale during the pendency of the suit; and (3) judgment upon final hearing perpetuating the temporary injunction. Upon the presentation of the original petition, the application for the immediate issuance of a temporary restraining order was granted without notice to defendant and a time was fixed for a hearing on the application for a temporary injunction. In due time defendant filed his motion to dissolve the temporary restraining order and his verified answer to the application for injunction on the merits of the case. Thereafter on the day set for the hearing of the application for a temporary injunction the parties appeared before the court and announced ready for trial on the motion to dissolve and on the verified answer filed by defendant. After considering the pleadings of the parties and the evidence submitted in the case, the court concluded that the law was for defendant and accordingly on May 10, 1943, judgment was rendered dissolving the temporary restrain-

ing order and decreeing that defendant "go hence without day and recover of plaintiff his costs." From this order and judgment of the trial court plaintiff perfected her appeal to this court. Thereafter plaintiff filed in the trial court her first amended original petition which was substantially the same as her original petition and defendant filed his verified answer setting up certain pleas of exception and res judicàta. The court heard the pleas of exception and res judicata, sustained the same and denied the second application for temporary restraining order and plaintiff appealed therefrom to this court. Plaintiff then filed in the trial court her second amended original petition which was substantially the same as the first amendment and upon hearing the court refused any of the relief sought in the second amended petition and plaintiff again appealed therefrom to this court. On December 2, 1943, this court handed down its written but unpublished opinion and rendered its judgment in each of the three separate appeals whereby it affirmed the action and judgment of the trial court in each of the three instances complained of. Motion for rehearing having been overruled by this court, its three separate judgments affirming the judgments of the trial court thereupon became final.

Thereafter on February 14, 1944, plaintiff filed her third amended original petition in the trial court which is substantially the same as the second amended petition and defendant again filed an amended answer setting up, among other things, his pleas of exception and res judicata. Upon a hearing of the pleas thus interposed by defendant the trial court sustained the same, reciting in the order in part as follows:

"And it appearing to the court that plaintiff's third amended original petition on which she seeks to go to trial herein is based upon the same alleged facts and involves the same issues heretofore determined in said judgments of the trial court and of the Court of Civil Appeals, it is the opinion of the court that the law is with the defendants and their plea of res judicata should be sustained. While the above mentioned judgments and orders were in a sense merely interlocutory decrees, yet it appearing to the court that the issues presented to the court by the third amended original petition of plaintiff herein are the same issues of fact presenting the same questions of law heretofore decided by this court in its decrees above mentioned and

which orders and decrees have been affirmed by the Tenth Court of Civil Appeals which reviewed said decrees and stating fully its reasons for such affirmance; and among other things said: 'All other points in appellant's brief have been answered adversely to him by our Supreme Court in Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663' and it being further stated by said Court of Civil Appeals in its opinion in Cause No. 2561, as follows: 'It is clear that the plaintiff's second amended original petition is wholly insufficient to bring her within the provisions of the statute (Art. 4642), nor does it bring her within any of the other grounds provided in said Art. 4642.' The third amended original petition on which plaintiff sought to go to trial herein presenting the same issues between the same parties about the same subject matter, it follows that the plea of res adjudicata is applicable and said decrees are in their nature final, and said pleas of exception and of res adjudicata are sustained."

Appellant's present appeal is predicated upon four points as follows: (1) "The error of the trial court in sustaining a plea of res judicata whose only basis is a former interlocutory order denying a temporary injunction;" (2) "the error of the trial court in denying appellant a trial on the merits of her case;" (3) "the error of the trial court in denying appellant the right to have the issues of fact involved in her case submitted to a jury where there had been no trial on the merits of the case"; and (4) "the error of the trial court in finding in effect that plaintiff's petition stated no cause of action." We have carefully considered the contentions urged by appellant under each of these points but have concluded in the light of the entire record that no reversible error is thereby shown for reasons which we shall note briefly.

 The underlying purpose of a temporary restraining order issued without notice is to hold the subject matter of the suit in status quo until notice and a preliminary hearing may be had on an application for injunction, while the basic purpose of a temporary injunction is to hold the subject matter of a suit in status quo until a final hearing may be had on the merits of the case. Under the present rules of practice and procedure in this state no injunction, whether temporary or permanent, may be issued without notice to the

adverse parties. Although a temporary restraining order must be granted or denied upon the verified complaint of the complaining party alone, the application for an injunction, whether temporary or permanent, may be granted or denied upon the pleadings of both parties and upon such evidence, if any, as may be adduced upon the issues drawn by the pleadings. Ordinarily the granting or denying of an application for the issuance of a temporary restraining order or of a temporary injunction is evidenced only by an interlocutory order because in such an order the court usually does not finally dispose of all of the parties and issues involved in the litigation but retains jurisdiction over the person of the parties and over the subject matter of the suit for further adjudication.

■■ The fundamental purpose of the doctrine of res judicata is to put an end to litigation by giving stability to the final pronouncements of the courts with respect to the rights and liabilities of the parties litigant. Am.Jur., Vol. 30, p. 910, § 165. As said in Tex.Jur., Vol. 26, p. 11, § 353: "The general principle, announced in numerous cases, is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies." Appellant says, however, that this general principle is applied only to "final judgments" and not to "interlocutory orders" and that the first judgment appealed from which was rendered on May 10, 1943, was not a final judgment on the merits of the case. We cannot wholly agree with either of these contentions. Appellant's pleadings were voluminous and involved, her original petition and its exhibits covering 26 typewritten pages in the transcript, but the dominant object of her suit was to challenge the right of appellee to proceed with a nonjudicial foreclosure under his deed of trust. In order to accomplish her object and purpose she sought the issuance of a temporary restraining order to be followed by a temporary injunction and finally by a permanent injunction. In the prior proceedings herein she undoubtedly and distinctly put in issue the grounds of the recovery sought and defendant likewise put in issue the grounds of his defense and a court of competent jurisdiction decided the issues thus raised after hearing the evidence relating thereto. As said in Am.Jur., Vol. 30, p. 939, § 197: "The scope of the term 'final judgment' within the meaning of the rule here under consideration, has been declared not to be confined to a final judgment in an action but to include any judicial decision upon a question of fact or law which is not provisional and subject to change in the future by the same tribunal." See also: Stephenson et al. v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Grayson County National Bank v. Wandelohr et al., 105 Tex. 226, 146 S.W. 1186; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070, point 14; Dalton v. Davis, Tex.Civ. App., 294 S.W. 1115, points 5 and 7.

■■ Moreover, we cannot say on the record before us that the order, judgment and decree rendered and entered in this litigation on May 10, 1943, was not a final judgment in the action. Not only did the court therein dissolve the temporary restraining order theretofore issued and refuse the application for injunctive relief, but after hearing all of the pleadings and the evidence introduced before him on the issues raised by the pleadings, the court specifically decreed that defendant "go hence without day and recover of plaintiff his costs." Under this order, judgment and decree the court did not attempt to reserve or retain any further jurisdiction over the person of the parties to the suit or over the subject matter involved, but on the contrary the court failed and refused to grant any relief whatsoever to plaintiff and expressly discharged defendant from any further liability on the claims asserted by plaintiff. In the absence of any statement of facts we must presume in support of this judgment, as we did on the former appeals, that the undisputed evidence and documents were such as to cause the court to conclude correctly as a matter of law that appellant was not entitled under the facts in the case to any of the relief which she sought to obtain by her suit. If the trial court erred in such legal conclusion, or in any other respect in thus disposing of the parties and subject matter before him, the time and place to have assigned such error or errors for review was in the former appeal from this first judgment. Notwithstanding the present record contains a bill of exception reciting that appellant did not waive her right of trial by jury and that no trial on the merits of the case had ever been had, we think the qualification attached to the bill of exception by the trial court and the record as a whole discloses that ap-

pellant, although she and her counsel might not have intended to do so, has nevertheless waived her right to a jury trial on the merits of her case as a matter of law in that she and her counsel failed to register any complaint on the former appeal to the effect that the court had rendered a final judgment against her on a preliminary hearing had before the court without a jury, contrary to her demand for a jury trial.

Finding no reversible error in the order now appealed from the judgment of the trial court must be and the same is hereby affirmed.