**ROLFE et al. v. SWEARINGEN et al.**

No. 12279.

Court of Civil Appeals of Texas.
San Antonio.

May 31, 1951.

Rehearings Denied June 27, 1951.

Church & Church and W. W. Fowlkes, all of San Antonio, for appellants.

Trueheart, McMillan & Russell, San Antonio, Harry J. Schulz, Three Rivers, for appellees.

POPE, Justice.

This is an appeal from a judgment granting defendants' motion for summary judgment under Rule 166–A, Texas Rules Civil Procedure. Appellees, defendants below, filed and served motions for summary judgment upon the appellants and interveners, neither of whom filed counter-affidavits or made any showing other than as stated in their unsworn pleadings. Appellants and interveners complain that the court in granting the summary judgment denied them their right to present evidence in support of their application for a receiver of a dissolved corporation, and also denied them their right to present evidence in support of their alleged claims for damages against appellees who were acting as trustees for the dissolved corporation. They urge further that appellees were not properly selected as trustees and that appellants and interveners were entitled to an accounting

and a declaratory judgment determining the names of all stockholders. They also seek a present adjudication of the claims of all stockholders and a distribution of the former corporation's assets. They finally urge error by the trial court in refusing to make and file findings of fact and conclusions of law after granting the summary judgment. Essentially, appellants in the trial court sought to oust the trustees and to obtain the appointment of a receiver to wind up the affairs of the corporation, particularly in regard to the prosecution of a pending lawsuit filed by the trustees for the benefit of the creditors and stockholders.

Appellants and interveners, as stockholders of Three Rivers Glass Company, a Texas corporation, filed this as a class suit on behalf of all stockholders. They named Patrick H. Swearingen, Charles R. Tips, Robert A. Ellerman, J. A. Manley and W. L. Moody, III, as defendants. Tips, Swearingen and Ellerman, since October 2, 1934, have acted as the board of directors, and also as president, vice-president and secretary-treasurer, respectively, of Three Rivers Glass Company. On March 8, 1947, that company's corporate charter expired, and since that time those three persons have undertaken to act as statutory trustees for the corporation under Article 1388. Three Rivers Glass Company has been virtually inactive since 1932, and in September, 1947, the trustees commenced a suit in the Federal Court of Indiana against Hartford-Empire Company, Owens-Illinois Glass Company, Ball Brothers Company, and George A. Ball, for treble damages for alleged violations of the Federal anti-trust laws. The trustees effected a settlement of their claims against Hartford-Empire Company and Owens-Illinois Glass Company, upon their each paying $25,000.00 in cash. The suit against the other and main defendants is still pending.

■ Rule 166–A, which provides for summary judgment proceedings in Texas, finds its origin in Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. The rules are substantially identical by reason of which we have the benefit of the earlier analyses and thoughts relating to summary judgments as found in the Federal decisions. Summary judgment proceedings do not seek to decide issues of fact, but to ascertain if any genuine issues of material fact exist. The rules relating to the nature of inquiry and proof on summary judgment proceedings are summarized in Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, 772: "(1) Factual issues are not to be tried or resolved by summary judgment procedure; only the existence of a genuine and material factual issue is to be determined. Once it is determined that there is such an issue summary judgment may not be granted; (2) In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment; (3) There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and denial always preclude the granting of summary judgment. Those cases stand for the proposition that formalism is not a substitute for the necessity of a real or genuine issue. Whether the situation falls into the category of formalism or genuineness cannot be decided in the abstract; (4) If conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true; (5) To support summary judgment the situation must justify a directed verdict in so far as the facts are concerned."

The trial court granted the motion for summary judgment which appellees supported by the sworn statements of each appellee, copies of pertinent minutes of stockholders' and directors' meetings, the by-laws and amendments of the Three Rivers Glass Company, documents, oral depositions, and certified copies of the stipulation made and judgment entered in the Indiana Federal Court suit settling and dismissing the suit against Hartford-Empire Company and Owens-Illinois Glass Company. This documentary showing stated the factual history of the Three Rivers Glass Company, that

it thrived until certain companies and individuals conspired and violated the Federal Anti Trust Laws, which conspiracy had been proved by a judgment of the United States Supreme Court that became final in December, 1945; that the appellees Swearingen, Tips and Ellerman on October 2, 1934, at a regularly called special stockholders meeting were named directors of the Glass Company until their successors were chosen; that on that same date, they also were named officers for the corporation; that they continued to so function from that time and that no successors had ever been elected; and that the corporate charter expired on March 8, 1947, since which time the same three persons have continuously acted as statutory trustees for the company creditors and stockholders. The supporting documents also showed the detailed history of the anti-trust suit; that the gathering of evidence about the widespread operations of the persons sued has required and will require large expenditures of money; that the Three Rivers Glass Company was without funds, by reason of which, on advice of counsel, the statutory trustees effected the settlement with two of the defendants in the anti-trust suit for the sum of $50,000 after taking the proper corporate steps; that those funds were necessary to the proper investigation and proof of facts in the suit still pending against Ball Brothers Company and George A Ball, who were the main offenders in the anti-trust violations; and that in the event of recovery, full and complete accounting and distribution of assets will be made. The various attached minutes of meetings show that the corporate business was properly handled. Looking at the face of these affidavits, depositions and documents, there are no irregularities and appellees' conduct has been entirely proper. These factual statements are contained in three volumes of sworn statements and documents.

██ Against this mountain of sworn showings, appellants have not pointed us to a single line which they have controverted by a sworn statement. They appeared at the hearing and announced ready for trial on the motions for summary judgment. They sought no additional time and made

no showing that affidavits were unavailable. While appellees were shouting their facts, appellants elected to remain mute. We conclude that the facts asserted by appellees under these circumstances could not be denied under oath. "By failing to avail himself of this opportunity, plaintiff in effect admitted the facts alleged in the affidavit supporting the motion for summary judgment and left the trial court no alternative." Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209, 211.

In this state of the record, appellants' point is not so much a criticism of the summary judgment rendered as it is a criticism of the summary judgment practice. They urge they were denied the right to present evidence on the merits which would contradict appellees' showing. They argue that they were deprived of a jury trial and an opportunity to cross-examine witnesses. See Fidelity and Deposit Co. of Md. v. United States, 187 U.S. 315, 320, 23 S.Ct. 120, 47 L.Ed. 194; Lindsey v. Leavy, 9 Cir., 149 F.2d 899. A default judgment, of course, is subject to the same criticism; as is also an order transferring a cause upon a plaintiff's failure to file a controverting affidavit to a plea of privilege. While pleadings may be so faulty on their face as to support a summary judgment even in the absence of sworn factual statements, or the motion itself may raise and present disputed facts, such is not the case before us. Fletcher v. Evening Star Newspaper Co., 77 U.S.App.D.C. 99, 133 F.2d 395; Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161; 4 McDonald, Texas Civil Practice, p. 1388. This case was not one involving the inadequacy of the allegations of the pleadings; it was one involving the absence of any disputed material fact. Appellees' showing was supported by sworn factual statements sufficient upon their face to establish a complete defense to everything appellants alleged. The verity of those sworn statements was in no way challeged by counter-affidavits or other sworn statements. In the hearing to locate the dispute about genuine and material facts, all facts stood undisputed, unchallenged, uncontroverted. When such a condition exists, there are no facts

240

to try. Fowler v. Texas Employers' Ins. Ass'n, 237 S.W.2d 373.

To give effect to appellants' contentions we must hold that an unsworn petition in the complete absence of affidavits and sworn showing will supply the factual information sufficient to raise a fact dispute in a summary judgment proceeding. If this be the rule it is difficult to conceive a state of facts where a summary judgment would ever be useful except, perhaps, where one would already be entitled to judgment of dismissal or by default. Lindsey v. Leavy, 9 Cir., 149 F.2d 899; 3 Moore Federal Practice, pp. 3174, 3175; Note, 29 Texas Law Review 688. Such a holding will sound the requiem to a rule that has hardly been christened.

Rule 166–A finds its origin in Federal Court experience, and we do not feel that we should renounce that experience which accords with this holding. American Airlines v. Ulen, D.C.Cir., 186 F.2d 529; Morris v. Prefabrication Engineering Co., 5 Cir., 181 F.2d 23; Koepke v. Fontecchio, 9 Cir., 177 F.2d 125; Cristianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534; William J. Kelly Co. v. R. F. C., 1 Cir., 172 F.2d 865; Creel v. Lone Star Defense Corporation, 5 Cir., 171 F.2d 964; Gifford v. Travelers Protective Ass'n, supra; Schreffler v. Bowles, 10 Cir., 153 F.2d 1; Wilkinson v. Powell, 5 Cir., 149 F.2d 335; Gray v. Amerada Petroleum Corporation, 5 Cir., 145 F.2d 730; Williams v. Kolb, 79 U.S.App.D.C. 253, 145 F.2d 344; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809; cf. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265 (sworn pleadings); Board of Public Instruction v. Meredith, 5 Cir., 119 F.2d 712; McDonald, Texas Civ. Procedure, § 17.26; 3 Moore, Federal Practice, § 56.01.

Nor do we find merit in appellants' contention that after three years from the expiration date of a corporate charter, the court must appoint a receiver to wind up the affairs of the company. Articles 1388, 1389, 1390 and 1391, Vernon's Ann.Civ.Stats., have been construed to mean the exact contrary to this contention, in a holding that the trustees may properly function even after the expiration of three years. Burkburnett Refining Co. v. Ilseng, 116 Tex. 366, 292 S.W. 179; Oklahoma Contracting Co. v. Commissioner, 5 Cir., 153 F.2d 770; 3 Hildebrand, Texas Corporations, § 863.

Appellants, as discussed above, are before the court without a single sworn statement charging fraud, gross negligence or mismanagement, and hence there is no fact issue of such conditions. That such conditions do not exist, that the corporation's affairs have been properly administered, and that the settlement and litigation against Ball Bros. Co. and Charles A. Ball were properly handled are not disputed issues. Moreover, courts are not called upon to substitute their judgment on business matters. Corbus v. Alaska Treadwell Gold Mining Co., 187 U.S. 455, 23 S.Ct. 157, 47 L.Ed. 256, 257; Butler v. Butler Bros., 186 Minn. 144, 242 N.W. 701; accord, Witherspoon v. Texas & P. R. Co., 48 Tex. 309, 319; Jewell v. Sal-O-Dent Laboratories, Tex.Civ.App., 69 S.W.2d 544; Peoples Investment Co. v. Crawford, Tex.Civ.App., 45 S.W. 738. There being no fact of any wrongdoing, the courts will not substitute their judgment for those acting for the corporation in settling its affairs. Tenison v. Wilson, Tex.Civ.App., 151 S.W.2d 327; Farwell v. Babcock, 27 Tex.Civ.App. 162, 65 S.W. 509.

Nor did appellants have a right to a declaratory judgment determining the interests of all former stockholders in the Three Rivers Glass Company for the purpose of distributing its assets at this time. The showing on the summary judgment hearing demonstrated that the real asset of the company is the pending suit in Indiana against Ball Brothers Company and George A. Ball. That suit, if successful, will result in recovery for the creditors and stockholders. The funds recovered by the prior settlement are not properly distributable, but are indisputably necessary to defray the expenses incident to the prosecution of that suit. The amount of possible recovery, if any be made at all, is an unliquidated amount ranging from nothing up to seven and a half million dollars. The Declaratory Judgment Act, Vernon's Ann.

Civ.St. art. 2524–1, contemplated that a judgment will serve a useful purpose. Joseph v. City of Ranger, Tex.Civ.App., 188 S. W.2d 1013. Until the Indiana suit is completed, as stated in the trial court's judgment, an ascertainment of stock ownership is premature, advisory, will serve no useful purpose, and settles no controversy. The claims and rights of stockowners are not affected by the present summary judgment. Groesbeeck v. Crow, 91 Tex. 74, 40 S.W. 1028; White v. White, Tex.Civ.App., 149 S.W.2d 1031.

■ Since the assets of the dissolved corporation are not presently ascertainable or distributable because the trust is as yet incomplete, it cannot be known how much there will be to divide or how much the various stockholders will ultimately receive. To litigate this matter with the view of distributing the assets would be premature. Abbott v. Abbott, 112 Vt. 449, 28 A. 2d 375; Adams v. Camden Safe Deposit Co., 121 N.J.L. 389, 2 A.2d 361; Upham v. Draper, 157 Mass. 292, 32 N.E. 2; Husted v. Thomson, 158 N.Y. 328, 53 N.E. 20; Jasper v. Hazen, 1 N.D. 75, 44 N.W. 1018.

However, the claim by Manning, Trustee in Bankruptcy for Charles R. Tips, stands on a different ground. Manning, Trustee, intervened in this cause seeking to obtain all the relief claimed by the other appellants. Insofar as his prayer was for a receiver, accounting, damages, present distribution of assets, judgment declaring who all the shareholders in the Three Rivers Glass Company may be, the ousting of the statutory trustees, and the invalidation of the settlement agreement in the Indiana lawsuit, the summary judgment is binding on him for the reasons already discussed. But Manning, Trustee, independent of and in addition to those claims and the claims asserted on behalf of all stockholders, had a suit against Charles R. Tips, individually, wherein he claimed that he as trustee was the owner of the stock claimed by Tips. That part of his suit was not asserted for the purpose of obtaining a present distribution of the company's assets, but to adjudicate a dispute over which one of two claimants is the rightful owner of the stock.

The showing made by Tips on this phase of the suit, unlike that which exists in connection with the other claims, was not sufficient to support a summary judgment. Nor did the trial court so hold. It only held that the claim was premature. The skimpy showing made by Tips on this phase of the case, at most, raised doubts and an issue of fact. Whether Tips owned stock or had pledged his stock as collateral for his debts and, if he had pledged it, whether he had lost it to his creditors, is not stated with such clarity that we can say it is "quite clear what the truth is." Sartor v. Arkansas Nat. Gas. Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967.

■ Since the showing on this phase of the summary judgment proceeding is not conclusive, Manning, Trustee, is entitled to have a determination of his dispute with an adverse claimant. Such a suit is presently maintainable. Greenspun v. Greenspun, 145 Tex. 374, 198 S.W.2d 82; 2d., Tex.Civ. App., 194 S.W.2d 134; Yeaman v. Galveston City Co., 106 Tex. 389, 167 S.W. 710.

■ The final point relates to the Court's refusal to make and file findings of fact and conclusions of law. Prior to the present Federal Civil Rule 52(a), which excludes summary judgments from the rule requiring findings and conclusions, the Federal Rule was like the present Texas Rule and did not contain such an express provision. Though devoid of express language on the subject, the rule was construed not to require findings and conclusions. Simpson Bros. v. District of Columbia, 85 U.S. App.D.C. 275, 179 F.2d 430; Filson v. Fountain, 84 U.S.App.D.C. 46, 171 F.2d 999; Lindsey v. Leavy, 9 Cir., 149 F.2d 899 (certiorari denied). And as stated in Barron & Holtzoff on Federal Practice and Procedure, pp. 121–2: "Logically, findings of fact should not be made in disposing of motions for summary judgment. Findings are appropriate only in deciding issues of fact. In granting a motion for summary judgment, however, the court merely rules that there are no material issues of fact; in denying such a motion, the court holds that there are material issues of fact to be tried, but does not decide them."

After this cause was submitted, the San Antonio Printing Company, one of the appellants, moved to dismiss its appeal, since it no longer desired to prosecute the appeal. The motion is granted and the appeal is dismissed as to that appellant only. Costs hereafter incurred shall not be taxed against San Antonia Printing Company.

The judgment of the trial court is affirmed, except as to George Manning, Trustee in Bankruptcy for the Estate of Charles R. Tips, and that part of the judgment which forbade his present prosecution of his suit against Charles R. Tips for the adjudication of their rights to shares of stock and their interest in Three Rivers Glass Company is reversed and remanded.