## REESE v. DAVITTE et al.

### No. 15412.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 20, 1953.

Rehearing Denied March 20, 1953.

W. C. Austin, Fort Worth, for appellant.

Richard Owens, Fort Worth, for appellees.

RENFRO, Justice.

Suit was brought in a district court of Tarrant County by Addie Reese, a widow,

to cancel a contract of sale dated June 12, 1951, and a warranty deed dated June 28, 1951, alleging that because of a mental derangement she did not remember signing said instruments.

Defendants were Young Davitte and wife, Katherine Davitte, grantees in said instruments; Elizabeth Knight, "who claimed some sort of title or interest in said property"; Farm and Home Savings and Loan Association, who claimed a lien against the property; and the three daughters of plaintiff, Annie Belle Reese Parish, Helen Reese Harrell, and Ruth Reese McIlvane, the husbands of the daughters also being named as defendants.

The plaintiff alleged that she owned an undivided one-half interest in certain property in Tarrant County, Texas, and that while she was mentally deranged her daughters conspired with the Davittes to sell said property, including the daughters' one-half interest, to the Davittes for the sum of $12,600, that the Davittes at the time of the execution of the contract of sale and the deed knew of plaintiff's condition, and that the defendant Elizabeth Knight, who claimed some sort of interest in the property, also was aware of her condition. She alleged that only $1,000 of the purchase price was paid to her.

The Davittes and Elizabeth Knight filed a sworn motion for summary judgment, in which they swore that the Davittes in good faith purchased the property for $12,600 and that, after payment of delinquent taxes for a period of years and deduction of necessary sale expenses, the plaintiff's half of the purchase price amounted to $5,011.11, which was paid to her and which she still retains and has never tendered to the defendants. They denied that the plaintiff was mentally deranged and swore that if she ever was mentally deranged she had fully recovered prior to the filing of the instant law suit and ratified said contract and deed by spending for her own use $1,000 of the money received from the sale, knowing that it was a part of the proceeds of the sale.

Due notice was given of the hearing on the motion for summary judgment. The only pleading filed in response to said motion was an unsworn instrument styled "Plaintiff's Objections to Defendants' Motion for Summary Judgment." The "objections" reiterated some of the allegations made in the original petition and quoted what purported to be testimony from a deposition.

Omitting formal parts, the judgment rendered by the court read as follows: "And the Court, after having heard such motion and the evidence, and argument thereon, is of the opinion that such motion of such defendants for summary judgment should be granted. It is therefore ordered, adjudged and decreed by the court that plaintiff Addie Reese take nothing herein * * *."

The appellant complains that the court was in error in granting appellees' motion for summary judgment without hearing the evidence that was available at the time.

■ There is no statement of facts in the record. There is nothing of record indicating that the trial court did not hear evidence or that he refused to receive any offered evidence. Where there is no statement of facts in the record, every presumption must be applied in favor of the trial court's judgment. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Daniel v. Kittrell, Tex.Civ.App., 188 S.W.2d 871.

■ In view of the recital in the judgment that evidence was heard, we must indulge in the presumption that evidence was heard and overrule the point of error.

We are next confronted with appellant's second, third and fourth propositions. No error of the court is pointed out in said "propositions." We have studied same carefully, however, and find that they are merely references to the pleadings and what certain testimony would have shown.

■ When the trial court proceeds to hear a motion for summary judgment under Rule 166-A, T.R.C.P., he is to determine from what is then before him whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment. Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683.

■ Under said rule the court may look through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if on a motion for summary judgment proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper. McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236; Clark v. Barr, Tex. Civ.App., 239 S.W.2d 114.

■ ■ The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried and not to weigh the evidence or determine its credibility. The court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position. Gulbenkian v. Penn, Tex.Sup., 252 S.W.2d 929.

In the absence of a statement of facts, we must presume in support of the judgment that the undisputed evidence and documents were such as to cause the court to conclude correctly as a matter of law that the appellant was not entitled, under the facts of this case, to any of the relief which she sought. Daniel v. Kittrell, supra.

■ Since the judgment reveals that evidence was introduced and considered by the court and such evidence not being before us, it is not possible for us to say that the court erred in granting the summary judgment. Because of the fact that, in the absence of a statement of facts, every presumption must be applied in favor of the trial court's judgment, we must assume that the evidence before the court warranted his finding that there was no "genuine issue regarding a material fact" and that his action in granting summary judgment was proper.

The judgment of the trial court is affirmed.