## HOLLAND

v.

## LANSDOWNE–MOODY CO., Inc.

No. 3179.

Court of Civil Appeals of Texas.

Waco.

June 3, 1954.

Wm. M. Nathan, Herbert Finkelstein, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. Keith Simmer, Houston, for appellee.

McDONALD, Chief Justice.

This appeal is from a summary judgment granted under Rule 166–A, T.R.C.P. Parties will be referred to as in the trial court. Defendant, who is in the tractor business, sold one Hawkins a tractor in January 1952. The sale was evidenced by a combination note-mortgage called a "Purchase Agreement," which recited a cash payment; a deferred balance to be paid in 18 monthly installments of $206 each; and which secured the balance by mortgage on the equipment. The mortgage provided for repossession with or without process of law by the seller or assignee in the event of default in payment. Hawkins transferred his interest to plaintiff, and defendant sold the "Purchase Agreement", with recourse, to Dearborn Credit Corporation.

Plaintiff failed to pay the October, November and December 1952 installments. On 1 November 1952 plaintiff left the equipment with defendant for repairs. The cost of repairs was $336 which plaintiff tendered on 13 December 1952. Defendant refused to deliver the equipment unless the delinquent installments on the note were also paid. Thereafter plaintiff sued for conversion. Defendant pleaded as an affirmative defense that it was acting as agent for Dearborn Credit Corporation,

owner of the note and mortgage, and that Dearborn Credit Corporation had instructed it to withhold possession of the equipment until all installments in arrears had been paid. Defendant filed motion for summary judgment, attaching copy of the *"Purchase Agreement"* and two affidavits. The first affidavit, of E. E. Earp, General Manager of defendant company, was to the effect that Mr. John Thompson, Branch Manager of Dearborn Credit Corporation, instructed him orally to withhold the equipment until arrearage on the note be paid; that no further payments were ever made on the note and that on 17 February 1953 defendant re-purchased the note and mortgage from Dearborn Credit Corporation. The second affidavit, of L. J. Meury, an employee of defendant, was to the effect that Meury advised plaintiff that he refused to deliver to plaintiff the equipment and told him the payments in arrears would have to be made before he would turn over the equipment to plaintiff. *No controverting affidavits were filed by plaintiff.* The trial court sustained the defendant's motion for summary judgment and entered judgment that plaintiff take nothing by his suit, and plaintiff appeals.

■ It is settled law that a lienholder, acting itself or through an agent, can re-take or withhold possession of a chattel, after default in installment payments, if the provisions of the mortgage so provide.

In the case at bar it is undisputed that installment payments were in default; that the mortgage provided for repossession; and that the defendant withheld possession of the tractor.

The sole question for determination, therefore, is whether the defendant, under the pleadings, admissions and affidavits on file, was as a matter of law agent of the Dearborn Credit Corporation with authority to re-possess or withhold the tractor from plaintiff.

Plaintiff (appellant) earnestly contends that defendant could not be Dearborn's agent as a matter of law under the pleadings, admissions and affidavits, because: 1) The *"Purchase Agreement"* provides that if payments be made on the note to the seller (defendant herein) that seller shall be deemed the agent of the purchaser, and for such reason seller cannot thereafter become the agent of the Dearborn Corporation; 2) that the *authority* of the Branch Manager of Dearborn Corporation to appoint defendant as its agent to repossess the tractor must be determined by evidence; and 3) that the affidavits which give evidence of the "agency" designation of defendant company do no more than raise an issue of fact.

■ Plaintiff's first contention is that the *"Purchase Agreement"* prohibits defendant from being the *agent* of Dearborn Credit Corporation, because it provides that if the purchaser makes any payment on installments due to Dearborn, to the seller, that the seller shall be deemed the agent of the purchaser.

We have carefully examined the "Purchase Agreement" in its entirety, and conclude that the above provision constitutes the seller (defendant herein) as agent of the purchaser (plaintiff herein) for the limited purpose of receiving and transmitting payments on the installment note to the Dearborn Corporation; and that this provision is in no way inconsistent with and can in no way preclude or prohibit the seller, defendant, from thereafter becoming the agent of the Dearborn Corporation for the purpose of effectuating a repossession of security when the note becomes in default.

■ Plaintiff further contends that the relation of principal and agent between the Dearborn Corporation and defendant is precluded by the *assignment* of the *"Purchase Agreement"* to Dearborn Corporation, which provides: *"We shall have no authority, without assignee's prior written consent to accept collections and/or repossess".* This provision in the assignment was a contract between the defendant and the Dearborn Corporation. This provision was

waived by Dearborn Corporation when its branch manager told Earp to withhold the tractor. A party to a contract can orally waive a provision thereof providing that amendments be written to be effective. Groce v. P. B. Yates Mach. Co., Tex.Com. App., 288 S.W. 161.

Appellant's second point contends that the authority of a branch manager must be determined by the evidence, and in the absence of any evidence as to what that authority is, the trial court erred in holding that the branch manager of Dearborn Credit Corporation had authority to appoint defendant as agent for Dearborn.

■■ A branch manager has authority to bind a corporation in matters in the usual and customary course of, or incident to the particular business of which he is branch manager. Pittsburg Pipe & Supply Co. v. Federal Machine & Supply Co., Tex.Civ.App., 107 S.W.2d 637. We believe that for a finance or credit corporation, acting through its branch manager, to take steps to protect its security would be in the usual and customary course of business.

Plaintiff's third point complains that the uncontradicted testimony of a party, where the other party does not have equal access to the facts, does no more than raise an issue of fact for the jury. In this connection plaintiff contends that the affidavits of Meury and Earp were both from *"interested witnesses"* and that *they covered subject matter about which they alone had knowledge and to which plaintiff had no access.* Plaintiff contends further that he should have the right to cross-examine these witnesses and to have the trier of facts pass on their credibility.

■ We cannot agree with plaintiff's position. *Plaintiff did not file any controverting affidavits, as required by Rule 166–A, nor did plaintiff attempt to avail of subdivision (f) of Rule 166–A, which provides that when controverting affidavits are unavailable that delay may be secured in order to attempt to secure affidavits or take depositions.* In this connection it might be noted that a taking of the deposition of the affiants Meury and Earp would have permitted plaintiff to cross-examine them and otherwise to test their credibility. It is the law that *where a plaintiff, at a hearing on defendant's motion for summary judgment under Rule 166–A, files no counter affidavits, and makes no showing other than as stated in their pleadings, and makes no showing that affidavits are unavailable, he in effect admits the facts alleged in defendant's sworn affidavits supporting the motion, and for which reason cannot complain of the court's granting the motion for summary judgment.* Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, W/E Ref. N.R.E.; Fowler v. Texas Employers Ins. Ass'n. Tex.Civ.App., 237 S.W.2d 373, W/E Ref. The foregoing cases present excellent and thorough discussions of Rule 166–A generally, and particularly of the precise point here involved.

■ We believe that the defendant, under the pleadings, admissions, and affidavits, was as a matter of law the agent of the Dearborn Corporation, authorized in its behalf to withhold the tractor from plaintiff. This being true, defendant could not be guilty of conversion, and for which reason the trial court properly granted defendant's motion for summary judgment. All of plaintiff's points are overruled and the judgment of the trial court is affirmed.