Chas. Wm. AYDELOTTE, Appellant,

v.

Aubrey R. ANDERSON, Appellee.
No. 6507.

Court of Civil Appeals of Texas.

Amarillo.

June 13, 1955.

946

McWhorter, Howard, Cobb & Johnson, Lubbock, for appellant.

Howard & Tucker, Lubbock, for appellee.

PITTS, Chief Justice.

This is an appeal from a summary judgment for recovery on a promissory note. Appellee, Aubrey R. Anderson, filed suit September 15, 1954, against appellant, Chas. Wm. Aydelotte, for recovery of principal, interest and attorney fees as reflected by the face of a note in the sum of $1,000 executed for value received by appellant on July 23, 1954, payable to appellee on or before 30 days after date. Thereafter on September 23, 1954, appellant filed a general and special denial of appellee's allegations. On October 15, 1954, appellee filed his motion for summary judgment and supported the same with two affidavits attached thereto. On the same date the trial court set the said motion for hearing on November 5, 1954, and appellant was accordingly served with notice of such date for hearing. On October 18, 1954, appellant answered appellee's said motion by unverified pleadings to the effect that such an alleged action is not the kind and nature of a suit in which the rendition of a summary judgment is available, asserted that he did not admit the execution of the said note or that such was given for a valuable consideration, and called attention further to the general and special denial previously therein filed.

Thereafter the parties appeared in the trial court on November 5, 1954, for a hearing upon appellee's said motion for summary judgment, whereupon the trial court heard and considered the pleadings of the parties, together with appellee's unopposed affidavits in support of his claims, found that no genuine issue of any material fact existed and rendered a summary judgment for appellee against appellant for the principal sum of $1,000, together with 2% interest thereon in the sum of $5.98, as well as for 10% attorney fees in the sum of $100, as reflected on the face of the said note. Appellant perfected his appeal from the judgment and presents the same here upon one point of error.

Appellant predicates his appeal solely upon a charge of error because the trial court based its judgment "upon hearsay evidence and evidence in the nature of a legal conclusion contained in the affidavit of Bill D. Tucker, an attorney in the case, reciting as follows: 'That the defendant's attorneys, McWhorter, Howard, Cobb and Johnson, Lubbock, Texas, acting as agents and attorneys for the said Chas. Wm. Aydelotte, delivered said note to Bill D. Tucker (affiant) who was acting as agent and attorney for the said Aubrey R. Anderson, plaintiff.'" Appellant's asserted contention is made, however, only in his brief. No such claim of appellant is reflected anywhere in the record. According to the record before us appellant did not seek to refute or challenge any of the sworn statements made by Bill D. Tucker, one of appellee's attorneys, and by appellee himself in their separate affidavits attached to appellee's motion for summary judgment other than to merely file an unverified general and special denial of appellee's original pleadings.

The contents of appellee's affidavit, attached to his pleadings in support thereof, is not denied or challenged by appellant either in the record or in his brief. Omitting the formal parts, appellee therein under oath identified the said note, stated that he had been the owner and holder of the said note, which had been pleaded verbatim and was introduced in evidence, since its execution on July 23, 1954; that after maturity, demand had been made by him upon appellant for payment but appellant had refused payment; and that he had placed the said note in the hands of his attorney, Bill D. Tucker, for collection and had agreed to pay his attorney the 10% attorney fees provided for in the note. The only part of Bill D. Tucker's affidavit challenged by appellant is that part concerning delivery of the said note challenged only in appellant's single point of error presented in his brief and there is nothing in the record to support appellant's

contentions there made to the effect that Tucker's statement concerning delivery of the note was hearsay or called for a legal conclusion of affiant. In fact, the contrary is shown by Tucker's verified statements to the effect that appellant executed the said note on July 23, 1954, and the same was delivered to him as affiant for his client by appellant's attorneys acting as agents and attorneys for appellant and Tucker further therein swore that he had personal knowledge of every statement he had therein made and was fully competent to testify to all matters therein stated. Nowhere in the record has appellant denied the delivery of the said note or even raised the question.

■ Appellant's attack on that part of Tucker's affidavit concerning the delivery of the said note is not well taken since his contentions here made are not supported by the record before us. At any rate the uncontroverted record reveals that appellee has been the owner and the holder of the said note since it was executed on July 23, 1954. Under the provisions of Section 16 of Article 5932, Vernon's Ann.Civ.St., proper delivery of the note is presumed since appellant has not sought to prove the contrary. Knox v. Campbell, Tex.Civ.App., 191 S.W.2d 817. Ordinarily when the payee of a note has possession of it, as was conclusively shown to be true in the case at bar, it is not necessary for him to allege or prove delivery. Davies v. Pegues, Tex.Civ.App., 125 S.W.2d 642.

■ In the case at bar appellant has not made any statement under oath and has not pleaded any affirmative defenses. It has been held that one who seeks to avoid liability on a written obligation such as a note or a check must clearly plead his defenses. Butler v. Price, Tex.Civ.App., 138 S.W.2d 301; Friddell v. Greathouse, Tex.Civ.App., 230 S.W.2d 579.

Concerning appellant's unsworn pleadings to the effect that the case at bar is not the kind or nature of a suit in which the rendition of a summary judgment is available, we cite the provisions of the Rule 166–A, Texas Rules of Civil Procedure, which provides in part that a party seeking to recover upon a claim may, at any time after the adverse party has appeared and answered, move with or without supporting affidavits for a summary judgment in his favor and that such will be "rendered forthwith" upon a proper showing made. Under the record before us and the provisions of the said rule, appellee's claim here made has been timely presented and is one of the kind and nature upon which a summary judgment may be available to him.

■ To authorize the rendition of a summary judgment the supporting affidavit must consist of statements of fact which affiant knows and is able to substantiate and prove on the trial of the case. Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W.2d 400. In the case at bar both affiants to the respective affidavits filed in support of appellee's claim state under oath that they respectively have personal knowledge of the facts stated and are competent to testify to such stated facts.

■ In considering a motion for a summary judgment the court must determine from what it has before it whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; Salmon v. Fidelity Bank & Trust Co., Tex.Civ.App., 258 S.W.2d 837. It has been held that where the moving party's adversary filed no counter affidavit, made no showing other than as stated in his unsworn pleadings, made no showing to the effect that affidavits on his behalf were unavailable, such adversary has in effect admitted the sworn facts alleged by the movant's attached affidavits to be true, for which reason a summary judgment should be granted and under such circumstances the trial court is left without any alternative in the matter. Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236.

As against appellee's uncontroverted material facts conclusively established un-

der oath. in support of his claims, appellant appeared for the hearing before the trial court without anything to refute appellee's claims other than his unsworn pleadings. Under the record before us, supported by the authorities cited, it is our opinion that the trial court was justified in sustaining appellee's motion for summary judgment and rendering its judgment accordingly. Appellant's one point of error to the contrary is overruled and the judgment of the trial court is affirmed.