James DONEGHY, Appellant,

v.

STATE of Texas et al., Appellees.

No. 6920.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1960.

Rehearing Denied April 11, 1960.

Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, for appellant.

R. L. Templeton and O. T. Lackey, Wellington, for appellees.

CHAPMAN, Justice.

This is an appeal from a summary judgment granted by the trial court for the State of Texas and Collingsworth County, appellees, against appellant, James Doneghy, for delinquent taxes for the years 1947 and 1948. The taxes had been assessed against appellant's shares of stock in the City State Bank of Wellington.

Appellant's appeal is predicated upon the insufficiency in form and substance of the Motion for Summary Judgment; upon the proposition that he having alleged non-uniformity and inequality in the assessment there existed a material issue of fact; upon the error of the trial court in holding that his injunction suit enjoining the collection of taxes for a period of time tolled the four-year statute of limitation, Vernon's Ann.Civ.St. art. 7298; and upon a holding by the court that an alleged tender by appellant in Cause No. 3527 in the trial court is binding upon him in the case at bar. Because of our view of the case the last point mentioned on the question of admissibility of evidence is immaterial and requires no treatment by us in this opinion.

Though we would not say the Motion for Summary Judgment was in the best form we believe it was sufficient to justify the judgment rendered. It included affidavits of the County Attorney and County Judge; affidavits of the Commissioners Court at the time and their certificates of approval of the correctness of the assessments; and certified copies of the delinquent tax rolls for the years involved showing the assessments of the owners of the shares of stock in said bank, including appellant's shares. This motion was filed on June 5, 1958, and granted on January 19, 1959. If we have read the transcript properly appellant did not file anything whatever in this interim, so the court had before it to counter appellees' Motion for Summary Judgment, the delinquent tax records, and the affidavits just described only appellant's plea in abatement and answer filed in response to appellees' petition. In his unsworn answer he raises the limitation question and illegality of assessments for the years involved. He nowhere asserts in any pleadings or any place in the record that he was

substantially injured, nor does he allege any facts by which the trial court could so find. His pleadings assert:

"The defendant would further show unto the court that the alleged taxes for the years 1947 and 1948 are on an assessed valuation of said bank stock of 60 per cent of its value, and that other personal property in said county for said two years of 1947 and 1948 are assessed of the valuation of 80 per cent of its value, and the real property in Collingsworth County for the years 1947 and 1948 are assessed at the valuation of 14.63 per cent of its value which is not equal and uniform as provided by law."

From the pleadings just quoted if appellant owned only personal property in the county the system of taxation by which his bank stock was assessed on the basis of 60 per cent of its value, and other personal property upon the valuation of 80 per cent of its value, appellant was benefited rather than substantially injured. If he owned any substantial amount of real property in the county, his benefit from a valuation of 14.63 per cent of its value might very well more than offset the assessment of his bank stock at 60 per cent of its value. So far as the record is concerned there is no showing that appellant owned any property in the county other than the bank stock upon which the suit for delinquent taxes was based. Accordingly, there was not any showing before the court or even any inference of a substantial injury to appellant because of his alleged inequality and lack of uniformity in the assessments.

The Supreme Court majority has held that where an attack is made because the taxing authority has followed an illegal system of taxation, the taxpayer, in order to prevail, must show that the use of the plan worked to his substantial injury. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569. If we understand their latest pronouncement on the subject they have also held that the taxpayer must show in dollars that he is worse off. State v. Federal Land Bank of Houston, Tex., 329 S.W.2d 847, para. 1, lines 16 and 17 of Syl. 4. That question is not raised in this record even by inference.

As heretofore stated, the trial court had before it in the Motion for Summary Judgment the delinquent tax records on the property involved. These constitute prima facie proof of the true and correct amount of taxes due by the taxpayer. Article 7326, Vernon's Ann.Civ.St.; Billingsley v. City of Fort Worth, Tex.Civ. App., 278 S.W.2d 869 (N.R.E.); Stone v. City of Dallas, Tex.Civ.App., 244 S.W.2d 937 (writ dismissed); City of Orange, Texas v. Levingston Shipbuilding Co., 5 Cir., 258 F.2d 240.

Appellant had only the unsworn pleadings above mentioned to counter appellees' Motion for Summary Judgment. It has been textually stated by a well-known authority on pleadings, the Hon. Robert W. Stayton, Professor of Law, University of Texas, as follows: "But, while there are decisions to the contrary, the better reasoned cases decide that mere pleadings do not show that there is a genuine issue of fact, and thus prevent summary judgment, but that the showing is to be made by depositions, admissions, affidavits, or like 'proofs,' one, some or all." Vol. 29, Texas Law Review, p. 688. This statement is supported by Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534, 536 and William J. Kelly Co., Inc. v. Reconstruction Finance Corp. 1 Cir., 172 F.2d 865, 866. Our summary judgment rule, 166–A was adopted from Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. and we have ample case book authority from our State courts following the pronouncement of the federal cases just cited. Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684; Reese v. Davitte, Tex.Civ. App., 255 S.W.2d 1015. We believe the

authorities just cited constitute the better reasoning. As said in William J. Kelly Co., Inc. v. Reconstruction Finance Corp., supra (172 F.2d 866), "In many cases there is no genuine issue of fact, although such an issue is raised by the formal pleadings." In Reese v. Davitte, supra (255 S.W.2d 1017) the Fort Worth Court said, " * * * even though a petition may state a cause of action, nevertheless if on a motion for summary judgment proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper." Though we do not believe appellant's pleadings even raise an issue of fact under the authorities just cited, even if it should be admitted that unsworn pleadings alone may raise a fact issue appellant's allegations would still be insufficient to bar the granting of the Motion for Summary Judgment because they do not plead any facts from which the trial court could find substantial injury under the authority of the Whittenburg case and State v. Federal Land Bank, supra.

Appellant's only other point is concerning his plea of limitations. On August 11, 1951, appellant, in Cause No. 3527, filed a suit alleging appellees were about to file suit to collect the 1947 and 1948 taxes illegally assessed against him and secured a temporary injunction on August 27, 1951. The record indicates that a jury trial upon the merits of the case resulted in a mistrial because of the jury's failure to agree. Appellant expressed dissatisfaction with the Hon. Luther Gribble as trial judge and Judge Gribble being the administrative judge of the district later assigned Judge Jesse Owens, District Judge at Vernon at the time, to hear the case. The record reveals that Judge Owens, upon motion of appellant, dismissed Cause No. 3527 without prejudice and adjudged the costs against appellant. Upon the same day appellees filed suit against appellant for delinquent taxes for the years 1947, 1948, 1951, and 1952. He paid the taxes for the last two years named and pleaded the four-year statute of limitation on the 1947 and

1948 taxes. Except for the period appellees were enjoined by the court from bringing suit for collection of the delinquent taxes a four-year period from their due date had not elapsed.

Appellees pleaded appellant was estopped to plead limitations by his action in enjoining a suit for the collection of the taxes for the period of the injunction. We believe the plea was good. The general rule is that where one is prevented from exercising his legal remedy by the pendency of legal proceedings the time in which he is thus prevented should not be counted against him in determining whether limitations have barred his right. Manes v. J. I. Case Threshing Machine Co., Tex. Civ.App., 295 S.W. 281 (writ refused); Cavitt v. Amsler, Tex.Civ.App., 242 S.W. 246 (writ dismissed). There is not anything in this case that takes it out of this general rule.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing

Appellant's motion for rehearing urges error in the holding of this Court to the effect that his unsworn answer alone was insufficient to preclude the granting of summary judgment where the movants' motion and affidavits showed them to be entitled to same, absent a showing by appellant of a fact issue. We continue to adhere to such holding and cite the following additional authorities: Holland v. Landsdowne-Moody Co., Inc., Tex.Civ. App., 269 S.W.2d 478; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, Tex., 322 S.W.2d 492; Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236; Aydelotte v. Anderson, Tex.Civ.App., 280 S. W.2d 945, 947.

In the last cited case this court said:

"It has been held that where the moving party's adversary filed no counter affidavit, made no showing

other than as stated in his unsworn pleadings, made no showing to the effect that affidavits on his behalf were unavailable, such adversary has in effect admitted the sworn facts alleged by the movant's attached affidavits to be true, for which reason a summary judgment should be granted and under such circumstances the trial court is left without any alternative in the matter. Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236.

"As against appellee's uncontroverted material facts conclusively established under oath in support of his claims, appellant appeared for the hearing before the trial court without anything to refute appellee's claims other than his unsworn pleadings. Under the record before us, supported by the authorities cited, it is our opinion that the trial court was justified in sustaining appellee's motion for summary judgment and rendering its judgment accordingly."

Additionally, a mere allegation of non-uniformity and inequality in assessment of taxes does not allege substantial injury. It is our opinion that even had there been an admission, affidavit, deposition, or like proof of nonuniformity and inequality in assessment the record would still not have raised a fact issue in this case under the authority of the Whittenburg case and the Federal Land Bank case cited in our original opinion.

 Appellant continues in his motion for rehearing to urge the limitation question asserted in his brief before this court, contending that the injunction in Cause No. 3527 in the District Court of Collingsworth County did not enjoin the bringing of suit but only collection of the taxes. We believe such contention is merely a play on words and that the trial court's judgment in the injunction case refutes such position. The judgment provided " * * * if not restrained from doing so, the defendants will file suit against the plaintiff to foreclose an alleged tax lien on certain bank stock owned by appellants in City State Bank, Wellington, Texas, such tax alleged to be due for the years 1947 and 1948 and that if such suit is filed the plaintiff will suffer an injury and from which he has no adequate remedy at law; * * *."

The judgment then provides that the clerk of that court issue a writ of injunction restraining and enjoining the tax authorities "from doing any act tending to collect such taxes; * * *."

We do not believe it could be said that doing any act tending to collect such tax would not include the filing of a suit for that purpose.

It is obvious that the taxes assessed for 1947 and 1948 are many years past due and the tax units have been deprived of the use of the money during this period of time. We believe from the record in this case we have no alternative except to affirm the judgment of the trial court, which is accordingly done.