**Ruby Mina MAXWELL, Appellant,**

v.

**John H. MAXWELL, Appellee.**

**No. 15728.**

Court of Civil Appeals of Texas.

Fort Worth.

June 15, 1956.

Rehearing Denied July 13, 1956.

John A. Erhard and Philip Wilson, Dallas, for appellant.

J. Rob Griffin, Brewster, Pannell, Leeton & Dean, and Leo Brewster, Fort Worth, for appellee.

RENFRO, Justice.

The appellant, Ruby Mina Maxwell, has appealed from a judgment rendered against her in bill of review proceedings in case No. 62976–A, wherein appellee, John H. Maxwell, was awarded a summary judgment.

No statement of facts was brought to this court. It would be impracticable, or even impossible, to discuss all the litigation between these parties the past quarter century. From the 320 pages of transcript we summarize as briefly as possible some of the history of such litigation.

On October 28, 1931, judgment was entered in the 96th District Court of Tarrant County, awarding appellant a divorce from appellee. The court found that the parties owned a community estate in a business known as John H. Maxwell Iron and Steel Co., having a net value of $1,450. Appellee was directed to pay appellant $725, partly in cash and the remainder in installments. Appellee was to have said community estate "free of any lien, claim, right, title or interest of plaintiff Ruby Mina Maxwell upon the full and final payment of the above sums."

In the following year the appellant, during a custody hearing over the minor daughter of the parties, left the state and was gone for a number of years.

In June of 1942 appellee, by application for writ of habeas corpus in a district court of Dallas County, sought to attain custody of the minor daughter from appellant. Appellant filed a cross-action in which she claimed that the community property between the parties had never been partitioned, and that the business known as Maxwell Steel Co. belonged to appellant and appellee as cotenants. The trial court sustained exceptions to that portion of the cross-action. The Amarillo Court of Civil Appeals held the trial court erred in sustaining the exceptions and reversed and remanded that part of the trial court's judgment for a trial on the merits. Maxwell v. Maxwell, 204 S.W.2d 32. Appellant's cross-action was dismissed by the Judge of the 14th District Court of Dallas County for want of prosecution on September 18, 1951.

Thereafter, on August 29, 1952, appellant filed suit No. 62976–A against appellee in the 17th District Court of Tarrant County. The cause of action alleged in the Tarrant County suit was the same as alleged in the Dallas County cross-action.

Appellee filed a "Plea in Abatement" and "Defendant's Original Answer". The original answer denied the suit was brought in good faith, set out the long, continuous litigation appellant had waged against appellee; alleged appellant was irresponsible financially and judgment proof, that her course of continued harassment had caused and would continue to cause defendant humiliation and irreparable injury unless she was enjoined from filing such suits against appellee.

The appellant, on November 7, 1952, filed a supplemental petition in "answer to defendant's original answer", wherein she denied all allegations in the defendant's "petition". On November 18, 1952, appellant filed a motion for nonsuit. On the same date the court entered this order: "Upon application therefor by the plaintiff, it is ordered by the court that the above styled and numbered cause be and it is hereby

dismissed at the cost of the plaintiff. This Dismissal does not apply to Defendants action for affirmative relief."

Appellee's cause for affirmative relief was heard on January 5, 1953. Verdict was instructed for appellee. Judgment entered on February 14, 1953, recited that appellant was duly served with defendant's cross-action, that the court in December set the cross-action for trial for January 5, 1953, and appellant was duly and properly notified of such setting within reasonable time before the date of the trial. The judgment decreed that all of appellee's obligations under the divorce judgment had been discharged, appellant had no claim whatever in any property in the name of appellee, and appellant was permanently enjoined from filing any suit asserting any claim or interest in any way arising out of or based on the divorce judgment in and to any property, real or personal, owned by appellee, and was enjoined from using the surname "Maxwell" for any fraudulent purpose, or for further humiliating or embarrassing appellee.

No motion for new trial was filed or notice of appeal given.

A bill of review was filed in the 17th District Court by appellant on December 29, 1954. Appellee filed an answer on January 28, 1955, and on June 16, 1955, filed a motion for summary judgment. Appellant filed a contest to the motion for summary judgment on July 22, 1955.

Hearing on the motion for summary judgment was set for August 1, 1955. Thereafter, judgment was rendered for appellee, reading in part, "After hearing the motion, the reply of the plaintiff thereto, and *all of the evidence* offered on the hearing; * * * that there is an absence of any genuine issue as to the *material facts* set out in the motion for summary judgment as grounds therefor, which *undisputed facts* go to the foundation of the plaintiff's alleged cause of action and the defenses thereto. The Court is therefore

of the opinion that the motion for summary judgment for the defendant should be sustained, and that he is entitled to such judgment as a matter of law on the undisputed evidence." (Emphasis ours.)

On appeal appellant claims: (1) error on the part of the court in granting appellee's motion for summary judgment based on an absence of any genuine issues as to material facts in controversy; (2) the judgment entered in cause No. 62976-A was not supported by the pleadings; (3) the court did not have jurisdiction of appellant subsequent to November 18, 1952.

It is appellant's contention the following fact issues were raised by the pleadings in the summary judgment proceedings: whether or not the 17th Judicial District Court had jurisdiction of the person of Ruby Mina Maxwell in so far as the cross-action filed by John H. Maxwell on or about September 20, 1952, was concerned; whether or not John H. Maxwell, his attorneys or agents interfered with the lawful right of Ruby Mina Maxwell in preventing her from successfully prosecuting her cause of action; whether or not John H. Maxwell, his attorneys or agents were guilty of fraud and deception in preventing Ruby Mina Maxwell from successfully bringing her cause of action into the court and prosecuting her case; whether or not the judgment of February 14, 1953, was supported by pleadings; whether or not Ruby Mina Maxwell had received her interest in the estate in which she was a cotenant with John H. Maxwell; whether or not a controversy existed between the parties as to the nature and extent of the estate in cotenancy.

Appellant's brief, filed by attorneys who did not participate in the hearing on the motion for summary judgment, assumes no evidence was introduced at the hearing. The record is conclusive that evidence was introduced and considered. The court's judgment refers to "all of the evidence offered", the "undisputed facts", and "the undisputed evidence". The appellant her-

self, in instruments filed subsequent to the entry of the summary judgment, made mention numerous times of evidence introduced on the hearing for summary judgment.

Appellee's first counterpoint is in substance that since evidence was offered at the hearing and appellant failed to bring forward a statement of facts, it must be presumed the trial court was justified in concluding there was an absence of any genuine issue as to the material facts going to the foundation of appellant's alleged cause of action, and appellee was entitled to summary judgment as a matter of law on the undisputed evidence.

In his motion for summary judgment appellee alleged several grounds, which, if proved by undisputed evidence, would entitle him to summary judgment. Some were as follows: appellee had a valid cross-action in cause No. 62976–A, to which appellant had no bona fide defense, and the court had jurisdiction of appellant because she had entered an appearance therein; appellant was guilty of laches and negligence; she was negligent in that she failed, both before and after the cross-action trial, to avail herself of remedies provided by law adequate to protect her rights; and any claim she might have had was barred by limitation.

■ Since the court heard evidence and concluded there was "an absence of any genuine issue as to the material facts" and the appellee was entitled to a summary judgment as "a matter of law on the undisputed evidence", we are bound to assume, in the absence of a statement of facts, that the evidence offered by the parties did not present any material fact dispute, and that the undisputed evidence sustained appellee's allegations in behalf of summary judgment and negatived all material allegations of appellant which would have defeated the appellee's motion for summary judgment.

■■ The purpose of Rule 166–A, Texas Rules of Civil Procedure, providing for summary judgment is to expedite the final determination of a case where there are no material issues of fact. If, upon a consideration of the affidavits and other proof offered, there are no disputed facts, summary judgment is in order. Clark v. Barr, Tex.Civ.App., 239 S.W.2d 114.

This court held in McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486, 488, "The purpose of summary judgment procedure is that the court may look through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if, on a motion for summary judgment, proof fails to show any genuine issue regarding a material fact, then the granting of summary judgment is proper. Rule 166–A, T.R.C.P.; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, 237. If facts proved would warrant an instructed verdict, summary judgment should be granted. King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220. Where there is no statement of facts in the record, every presumption must be applied in favor of the trial court's judgment."

Again, in Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015, 1017, we held, "if on a motion for summary judgment the proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper", and that where the record reveals evidence was adduced at the hearing, but no statement of facts is included in the record, every presumption must be applied in favor of the judgment.

■ In a hearing on the motion for summary judgment the function of the trial court is to determine if any genuine issues of material facts exist. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236.

■ Since evidence was introduced and was considered by the trial court and such evidence is not before us, it is not possible for us to say the court erred in

granting the summary judgment. Because of the fact that, in the absence of a statement of facts, every presumption must be applied in favor of the trial court's judgment, we must assume the evidence before the court warranted his finding that appellee was entitled to judgment as a matter of law on "the undisputed evidence", and that no genuine issues of material facts existed.

The judgment of the trial court is affirmed.