Carl VON REE, Appellant,

v.

P. A. CARMINATI et al., Appellees.

No. 15886.

Court of Civil Appeals of Texas.

Fort Worth.

March 7, 1958.

Rehearing Denied April 11, 1958.

A. C. Scurlock, Dallas, for appellant.

T. B. Coffield, Bowie, for appellees P. A. Carminati and Richard W. Carminati.

Stine & Stine and Vincent Stine, Henrietta, for appellee Louis T. Holland.

BOYD, Justice.

Carl von Ree filed suit to recover a one-half mineral interest in a tract of 136 acres of land, for damages, and for an accounting. P. A. Carminati, his son Richard W. Carminati, and Judge Louis T. Holland were defendants. The Carminatis filed a joint motion for summary judgment, and Judge Holland filed a separate motion for summary judgment. On the 6th and 7th of June, 1957, a hearing was had on the motions, and on the 7th of June Judge Holland's motion was sustained, and on June 21, 1957, after hearing further argument on the motion of the Carminatis, it was sustained. Carl von Ree appeals.

On April 30, 1948, appellant signed and acknowledged an instrument which purported to convey to P. A. Carminati the mineral interest involved in the suit. It was subsequently conveyed by P. A. Carminati to Richard W. Carminati. Richard executed an oil and gas lease on the land, and there was some production. Before the suit was filed, Richard reconveyed the

interest to P. A. Carminati. There was no claim of innocent purchaser.

Appellant alleged that "on, about, prior to and since April 30, 1948," P. A. Carminati and Judge Holland were "joint adventurers for purposes of business and profit"; that "under conditions constituting duress, undue influence and possibly fraud, which conditions of duress, undue influence and possibly fraud involved said joint adventurers and business associates," appellant signed and acknowledged the instrument here involved; that the purported deed was actually a mortgage; that P. A. Carminati was guilty of intimidation and "overreaching and exercising undue influence" in obtaining the purported deed; that Judge Holland "knew personally or had lawful and sufficient notice seasonably of said transaction, under duress, enforced by P. A. Carminati upon Carl von Ree"; that appellees wrongfully and unlawfully conspired to accomplish the wrongs complained of; that appellees hold the land and the proceeds of the oil runs as mortgagees; that on April 30, 1948, appellant was in jail on a contempt judgment for failure to pay child support; and that the purported deed was signed and acknowledged while he was a prisoner, not as a free and voluntary act, but as a matter of enforced acquiescence. Appellant offered to pay, with interest, all sums advanced to him and such sums as may have been paid by appellees as charges against the property, and he offered to do equity generally.

Judge Holland filed an answer in which he disclaimed as to the property, and alleged that he did not then own or claim and had never owned or claimed any interest therein; that he paid no part of the consideration and received no part of the rental or royalty payments. He denied that he had ever been a business partner of P. A. Carminati, and alleged that he knew nothing of the transaction between appellant and Carminati when it took place.

The Carminatis alleged that P. A. Carminati bought the mineral interest of appellant and paid the agreed purchase price, denied that any duress was practiced upon appellant, denied that Judge Holland had any interest in the property, and pleaded the two year and four year statutes of limitation. Vernon's Ann.Civ.St. arts. 5526, 5529.

The motions for summary judgment alleged that there was no dispute as to any material fact.

In his answer to the motions for summary judgment, appellant alleged that the purported deed was executed by him "under duress and not of his own free will and accord and not when he was willing to sell" and that the instrument was not a deed but, in legal contemplation, was a mortgage. He denied that he accepted the benefits of a consideration agreed upon between himself and P. A. Carminati.

On the summary judgment hearing, the pleadings, the purported deed, and the depositions of the parties, were introduced.

Since a summary judgment is improperly granted where there is a genuine issue of material fact, we must consider the matter from the standpoint most favorable to appellant.

According to appellant's testimony, as given in his deposition, P. A. Carminati came to the jail where appellant was a prisoner and talked to him about his mineral interest; appellant did not remember how he got in touch with Carminati but thought "possibly Mr. Elmer Dunn told him, as well as I can remember. He had been up there to see me and I had been talking to him"; appellant told Carminati that he wanted to borrow enough money on his mineral interest to pay the support judgment in order to effect his release from custody; Carminati refused to make the loan, but said he would buy the mineral interest and pay enough for it to get appellant out of jail; appellant did not know the exact amount of the support judgment,

but he knew approximately what it was; Carminati said he would have to go find out how much appellant "owed the court," whereupon Carminati left the jail and when he returned he said he would pay the amount of the support judgment, and appellant told Carminati that he would sell it at that figure; Carminati left again, and the Sheriff and his deputy brought appellant from the jail to the District Clerk's office in the courthouse; appellant was seated in that office when Carminati "come out and told me I had forgot to tell him about some Court costs that was supposed to be on there, and he was raising hell about that. * * * He wanted to know who was going to pay it, and I said I guess he would if anybody did, * * * so he would leave again and then he would come back. He was pretty hot about having to pay some Court costs in addition to what he was already figuring on paying, I guess. * * * in a little while he came back and he had the paper for me to sign, and I signed that. First he gave me some little old slip about that big and asked me if I would sign it, and I told him yes, I would, I would sign a deed to the moon if it would get me out of jail, and I signed it. * * * I think it was a statement that I was selling that of my own free will and accord, something to that effect." It was appellant's recollection that Judge Holland brought the "little old slip" of paper to the office. "Q. All right. Mr. Carminati paid the money, didn't he? A. I don't know. He didn't pay it to me. Q. Well, that wasn't—he paid it for your account, didn't he? A. I supposed that he did. I was released from jail shortly thereafter." After the transaction was completed, appellant told the Sheriff that he had sold some "royalty." "Q. All right. But when you told him that you had sold the minerals to Mr. Carminati he said he would have given you twice that much for them? A. That is what he said, yes, sir."

P. A. Carminati testified without dispute that he signed two checks in payment of the support judgment and court costs, one for $540 to pay the support judgment, which check was taken by the District Clerk, and one for $83 for court costs, which he believed he gave to the County Attorney.

The officers who had appellant in charge at the time of the mineral interest transaction were armed; but there was no evidence that appellant was threatened, or in anywise mistreated, or advised to make the sale.

The purported deed was executed on April 30, 1948. This suit was filed on July 2, 1956.

Appellant contends that the statutes of limitation do not bar his suit, and that there were issues of material fact to be submitted to a jury. We have concluded that all of his assignments must be overruled.

In appellant's brief we find an interesting argument to the effect that the order which committed him to jail for failure to pay child support was void because Judge Holland, the District Judge who committed him, had been counsel for appellant's former wife, the mother of his children, in a divorce case tried several years before 1948, while Judge Holland was in the private practice of the law. Appellant's contention is that the Judge was disqualified under Article 5, sec. 11, of the State Constitution, Vernon's Ann.St., which provides that no judge shall sit in any cause if he has been counsel in the case.

In the divorce case Judge Holland was counsel for appellant's wife. Custody of the children was awarded to their mother and appellant was ordered to pay child support; after Judge Holland became District Judge, the County Attorney filed a complaint alleging that appellant was in arrears in his child support payments, and praying that he be cited to appear and that upon a hearing he be adjudged guilty of contempt of court. Appellant was cited but failed to appear. Judge Holland ordered an attachment, and appellant was brought into court by the Sheriff. Upon

a hearing, it was determined that appellant was guilty of contempt of court in that he had refused to pay child support when he was financially able to do so, and he was committed to jail until he purged himself of such contempt by paying the arrearage and costs.

 We think it is unnecessary to determine whether the contempt case was the same case as the divorce action. Nothing in the contempt judgment is here for revision. Indeed, appellant alleged that at the time he signed and acknowledged the instrument he "lawfully was restrained of his liberty on a charge of delinquency in a matter of child support."

There was evidence that Judge Holland and P. A. Carminati occasionally had business dealings, and at times owned separate undivided mineral interests in the same tracts of land; but there was no evidence that they were ever "business partners" or "joint adventurers." And there being no evidence that Judge Holland ever owned or claimed any interest in the property involved, and positive evidence that he had not, we think the court properly sustained his motion for summary judgment.

From appellant's own testimony it is plain that neither P. A. Carminati nor anyone else practiced any duress, undue influence, fraud, intimidation, or overreaching on appellant. It is shown by his own testimony that although he desired to obtain a loan from P. A. Carminati so he could pay the support judgment, Carminati refused to make the loan, but offered to buy the mineral interest and appellant agreed to and did make the sale to him for the consideration agreed upon.

In a summary judgment proceeding the court may pierce the pleadings and look to the evidence, the documents on file, and the affidavits for an issue of fact. If none is found, a summary judgment is proper. There being no evidence to sustain appellant's allegations that the instrument was a mortgage, or that he was induced to execute it by duress, undue influence, fraud, intimidation, or overreaching and his own testimony refuting the allegations, together with his waiting more than eight years to bring his suit to avoid the sale, we see no error in granting the Carminatis' motion for summary judgment. McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Rolfe v. Swearingen, Tex. Civ.App., 241 S.W.2d 236.

The judgment is affirmed.

MASSEY, C. J., not participating.