**Mack Henry BROOKS et ux., Appellants,**

**v.**

**Howard G. LARGE, Appellee.**

**No. 16621.**

Court of Civil Appeals of Texas.

Fort Worth.

March 19, 1965.

Rehearing Denied April 16, 1965.

James E. Ferguson, Cleburne, for appellants.

Timothy D. Eyssen, County Atty., Wichita Falls, for appellee.

RENFRO, Justice.

Plaintiffs Mack and Margaret Brooks brought suit against Howard G. Large, Chief Officer of the Probation Department of Wichita County, for custody of the minor children, Sherry Lynn and Billy Jack Brooks. From a summary judgment for defendant, plaintiffs appealed.

On July 10, 1963, the Juvenile Court of Wichita County declared the above named minor children to be dependent and neglected children and placed their custody in the Probation Department of Wichita County. The father of the children was an inmate of the State penitentiary at Huntsville.

The mother of the children voluntarily appeared, testified she could not care for the children, and requested the court to declare them dependent and neglected.

At the hearing the paternal grandparents (plaintiffs in the instant suit), although not parties by intervention or otherwise, appeared with their counsel, denied the children were dependent and requested their custody be placed with them. They were given a full hearing. The court entered the judgment of dependency as heretofore stated. Neither parent appealed. The grandparents did appeal. The judgment of dependency was affirmed. Brooks et ux. v. Wichita County, Tex.Civ.App., 377 S.W. 2d 771.

The plaintiffs were again denied custody of the children in another hearing on the 26th of August, 1964.

The instant suit was filed on August 18, 1964. Plaintiffs again attacked the dependency judgment and requested custody of the children.

Defendant filed a motion for summary judgment. The motion set out matters which, if conclusively proved, would entitle defendant to judgment.

The plaintiffs did not file a reply to the motion.

Judgment was entered for defendant.

The judgment recites that the court heard and considered the evidence.

No evidence was brought to this court by statement of facts or otherwise.

Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue. McFarland v. Connally, 252 S.W.2d 486 (Fort Worth Civ.App., 1952, no writ hist.). Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with such reply as will clearly show the existence of disputed material facts. McDonald, Texas Civil Practice, Vol. 4, 1962 Cumulative Supplement, p. 47, § 17.26.3(a); Savoy v. Graham Memorial Auditorium Association, 329 S.W.2d 352 (Fort Worth Civ.App., 1959, no writ hist.).

Where there is no indication that evidence was introduced before and considered by the trial court which is not brought forward in the record, no presumptions are to be applied in favor of a summary judgment on the basis of the absence of a statement of facts. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961).

When, however, it affirmatively appears from the record that evidence was introduced and considered by the trial court, as in this case, it will be presumed, in the absence of such evidence in the record, that such evidence did not raise any genuine issue of material fact. Reese v. Davitte, 255 S.W.2d 1015 (Fort Worth Civ.App., 1953, dism.); McFarland v. Connally, supra; Maxwell v. Maxwell, 292 S.W.2d 368 (Fort Worth Civ.App., 1956, no writ hist.).

Affirmed.