William L. RICHARDS, Appellant,

v.

Weldon J. ALLEN, Appellee.

No. 16644.

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1965.

Rehearing Denied June 25, 1965.

Andress, Woodgate, Richards & Condos and Wm. Andress, Jr., Dallas, for appellant.

Thompson, Knight, Wright & Simmons and Frank Finn, Jr., and George C. Chapman, Dallas, for appellee.

RENFRO, Justice.

Plaintiff Allen sued defendant Richards and others for the balance due on two notes. Defendant Richards filed a sworn answer alleging usury, lack of consideration and accord and satisfaction. Richards also brought in other parties in a third party action.

Plaintiff filed a motion for summary judgment against Richards.

Richards did not reply to the motion for summary judgment, apparently electing to rely upon his answer to plaintiff's petition.

The defendants, other than Richards, were dismissed from the suit.

Upon the hearing of the motion for summary judgment, judgment was entered for plaintiff against defendant Richards. Subsequently the court severed Richards' third party action from plaintiff's suit, gave it a new cause number and made plaintiff's summary judgment against Richards final.

On appeal defendant contends there were material disputed facts to be determined, and, also, the court erred in severing his third party suit.

The court's judgment recited: "* * * all parties announced in open Court that they were ready for the hearing and determination of the aforesaid Motion for Summary Judgment of plaintiff Weldon J. Allen; * * * upon reading, reviewing and examining all of the pleadings on file, all of Plaintiff's sworn pleadings on file herein and the oral deposition of defendant William L. Richards taken herein on November 15, 1963, and after hearing evidence and full and complete argument of counsel, the Court is of the opinion that Plaintiff's Motion for Summary Judgment should be in all things sustained * * * Allen is entitled to such Judgment as a matter of law."

The deposition and the evidence heard by the court were not brought to this Court in any manner.

Soon after the adoption of Rule 166–A, Texas Rules of Civil Procedure, Justice Culver wrote in McFarland v. Connally, 252 S.W.2d 486 (Fort Worth Civ.App., 1952, no writ hist.): "The judgment reveals that there were introduced in evidence depositions and affidavits, all of which were considered by the court before making his ruling. Those facts not being before us, it is not possible for us to say that the court erred in holding that the appellant presented no fact issues.

"The purpose of summary judgment procedure is that the court may look through and beyond the pleadings * * * if, on a motion for summary judgment, proof fails to show any genuine issue regarding a material fact, then the granting of summary judgment is proper. * * * If facts proved would warrant an instructed verdict, summary judgment should be granted."

■ This Court and other courts in numerous cases have followed the Connally case and held where it affirmatively appears from the record that extrinsic evidence was introduced and considered by the trial court in making his ruling, it will be presumed, in the absence of such evidence in the appellate record, that such evidence did not raise any genuine issue of material fact. Reese v. Davitte, 255 S.W.2d 1015 (Fort Worth Civ.App., 1953, dism.); Maxwell v. Maxwell, 292 S.W.2d 368 (Fort Worth Civ.App., 1956, no writ hist.).

In McDonald, Texas Civil Practice, Vol. 4, 1962 Cumulative Supplement, § 17.26.3 (a), p. 47, it is stated: "Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere pleading denial, even a sworn one, in order to overcome the force of the motion."

The record does not indicate any objections by defendant to the introduction of the deposition or other evidence.

The action of the trial court must be sustained for the reason that, the extrinsic evidence not being before us, we must assume that it was such as to support the trial court's conclusion that no material fact issue was presented and that plaintiff was entitled to judgment as a matter of law.

■ Under the provisions of Rule 41, T.R.C.P., the court had authority to sever defendant's third party action from plaintiff's suit against defendant. Defendant's complaint of such severance can be sustained only if the trial court abused its discretion in granting the severance. McGee v. McGee, 237 S.W.2d 778 (Amarillo Civ.App., 1950, ref., n. r. e.).

Under the record, we cannot say there was an abuse of discretion in the severance of the actions.

All points of error are overruled.

Affirmed.