**William L. RICHARDS, Petitioner,**

**v.**

**Weldon J. ALLEN, Respondent.**

**No. A–10963.**

Supreme Court of Texas.

March 16, 1966.

Andress, Woodgate, Richards & Condos, Dallas, for petitioner.

Thompson, Knight, Wright & Simmons, Frank Finn, Jr., and George C. Chapman, Dallas, with above firm, for respondent.

NORVELL, Justice.

On May 18, 1964, the trial court granted a motion for summary judgment and decreed that the plaintiff, Weldon J. Allen, individually and as trustee, recover of and from the defendant, William L. Richards, the sum of $8,959.78. This judgment was interlocutory, but on June 26, 1964, over Richards' objection, the trial court granted Allen's motion to sever a third party action which Richards had asserted against W. C. Hummelbaugh, John G. Wilson and International Credit Bank, as third party defendants. This action rendered Allen's money judgment against Richards final and appealable. Upon Richards' appeal, the Court of Civil Appeals affirmed. 391 S.W.2d 795. Richards is the petitioner here.

The record in this case is not entirely clear and in some respects it is contradictory. The order granting the summary judgment recites that:

"Upon reading, reviewing and examining all of the pleadings on file, all of plaintiff's sworn pleadings on file herein and the oral deposition of defendant, William L. Richards, taken herein on November 15, 1963, and after hearing evidence and full and complete argument of counsel, the Court is of the opinion that plaintiff's motion for summary judgment should be in all things sustained."

The Court of Civil Appeals evidently considered that some evidence was introduced upon the summary judgment hearing and as no statement of facts was filed in that Court, indulged the usual presumption that such evidence would support the judgment rendered. The disposition of a cause by summary judgment may effectively adjudicate the merits of a dispute, but the summary judgment proceeding is not a conventional trial but rather an exception to the usual and traditional form of procedure wherein witnesses are heard in open court and documentary evidence is offered and received in evidence. Rule 166–A, relating to summary judgments, is contained in that portion of the Texas Rules of Civil Procedure relating to pre-trial procedures. Its obvious purpose is to dispose of a cause summarily without a trial in the conventional or traditional sense. The rule does not provide for a hybrid form of trial nor extend an open invitation to procedural experimentation. The matters which may properly be considered as bases for a summary judgment are specifically set forth. They are "the pleadings, depositions, and admissions on file, together with the affidavits, if any". Rule 166–A, paragraph (c). The motion for summary judgment filed herein states that it is based upon: "1. Plaintiff's sworn pleadings on file in this case (and) 2. The oral deposition of Defendant, William L. Richards, taken on November 15, 1963 * * *" The transcript does not show that either Allen's petition or his motion for summary judgment were verified, but does contain a certificate by the Clerk that, "No deposition of William L. Richards is on file or was ever filed in this cause." It seems probable that upon the hearing, the trial judge considered portions of an incomplete and unsigned transcription of certain answers made by William L. Richards in reply to inquiries propounded to him, under the misapprehension that such questions and answers were contained in a completed deposition which was on file in his court.

This being the state of the record and Allen's petition and motion being insufficient in themselves to support the summary judgment, a reversal must be ordered as the petitioner has brought before the appellate courts all of the available record bearing upon the trial court's action in granting the summary judgment.

We take occasion to point out that while Rule 166–A paragraph (e) carries the heading, "Form of Affidavits; Further Testimony", such paragraph does not purport to authorize the taking of evidence in the usual sense. The term "further testimony" refers to "summary judgment testimony", that is, testimony or evidence brought before the court by means of admissions, depositions or affidavits prepared in accordance with the rule. It is provided that, "The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits". If at the hearing on motion for summary judgment, a party with permission of the court should desire to supplement his deposition or affidavit proof, such supplementary material should be supplied in the form of a deposition or affidavit and not by the examination of witnesses in open court. Further, while it is essential that depositions, admissions and affidavits be on file, either independently or as a part of the motion for summary judgment, the reply thereto, or some other properly filed instrument, it is not necessary that they be formally offered in evidence upon the summary judgment hearing.

It appears from the report of McFarland v. Connally, 252 S.W.2d 486 (Tex.Civ.App. 1952, no wr. hist.) that the bases of the summary judgment were depositions and affidavits which were not contained in the record brought before the appellate court. This circumstance was pointed out by us in Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). The McFarland case should not be construed as permitting the taking of testimony by examination of witnesses in open court or the receiving of documentary evidence in connection therewith upon a summary judgment hearing. Such hearing is not a conventional trial but the governing rules are set forth in Rule 166–A.

The judgments of the lower courts are reversed and the cause remanded generally to the District Court.