**NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,**

v.

**AUSTIN BUILDING COMPANY, Appellee.**

No. 4678.

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1967.

Rehearing Denied Jan. 11, 1968.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Dallas, for appellant.

Johnson, Guthrie, White & Stanfield, Dallas, for appellee.

OPINION

TIREY, Justice.

Austin Building Company brought the action against the National Union Fire Insurance Company upon a Kansas builders' risk insurance policy. This is a second appeal. On the first trial the court entered a take-nothing judgment against the Austin Building Company and on appeal to the Dallas Court the cause was reversed and remanded. See 403 S.W.2d 499, n. r. e. A mandate was issued which stated that the judgment of the court below was reversed and the cause remanded for further proceedings in accordance with the opinion of the Court of Civil Appeals.

Six days after the mandate was returned to the Trial Court Austin filed motion for an interlocutory summary judgment on liability. This motion was grounded on the pleadings and statement of facts developed at the previous trial, which had been certified to as correct by the official court reporter and approved by both parties as correct, and is on file in this cause, and the original documentary evidence incorporated in and made a part of the statement of facts, and alleged that these instruments showed that except as to the amount of damages there was no genuine issue as to any material fact; the motion further alleged that the findings of the Trial Court and the Court of Civil Appeals showed all defenses raised by the insurance company were questions of law and that all such legal questions had been decided adversely to the defendant, save and except the amount of damages. The insurance company filed its second amended answer after the foregoing motion was filed and alleged that there were new facts to be developed and plead specifically that the laws of the State of Kansas were applicable to the situation here and on that ground asked for judgment in its favor. It also filed a response to Austin's motion for interlocutory summary judgment. This response was not sworn to. In this response it entered a general denial to the motion for its sum-

mary judgment and stated that the laws of the State of Kansas were applicable to this cause and not the laws of the State of Texas. Thereafter the parties stipulated the amount of damages in the event it should be determined that there was liability as against the insurance company. The amount stipulated was $8,075.00 with interest at 6% per annum from December 3, 1963 to date of judgment if rendered in favor of plaintiff. Thereafter the court proceeded to trial and entered judgment according to the stipulation in favor of Austin Building Company.

Appellant has grounded its appeal on two points. One is that the court "erred in rendering the interlocutory summary judgment on liability, and in confirming same in the final judgment, because the copy of the statement of facts developed at the first trial was not competent summary judgment evidence."

We sustain Point 1 on the authority of Richards v. Allen, 402 S.W.2d 158, Sup.Ct., and Rule 166–A, par. (e) of Texas Rules of Civil Procedure. Points 4 to 6 of the opinion clearly state what testimony is admissible on a motion for summary judgment and we need not re-state it. It is clear, comprehensive and controlling. Since the Dallas Court held that the cause should be reversed and remanded and the Supreme Court denied both applicants' motions for rehearing (n. r. e.), and since there was a general remand of the cause to the trial court, we are of the view that the trial court did not have the authority to grant an interlocutory motion for summary judgment under the undisputed factual situation here. Further reference to the opinion of the Court of Civil Appeals on page 503 of 403 S.W.2d clearly states that it was of the view that there were genuine issues of fact in this cause. We feel that further comment here is unnecessary and Reverse and Remand the judgment of the trial court.

We sustain Point 2.

Reversed and remanded.