**Frank McGEHEE, Individually and as Trustee, Appellant,**

v.

**RICHARDSON SAVINGS AND LOAN ASSOCIATION et al., Appellees.**

**No. 5712.**

Court of Civil Appeals of Texas, Waco.

Aug. 18, 1977.
Rehearing Denied Sept. 8, 1977.

G. Leroy Street, Geary, Stahl, Koons, Rohde & Spencer, P. C., Dallas, for appellant.

Henry D. Akin, Akin, Gump, Hauer & Feld, Dallas, for appellees.

HALL, Justice.

We hold in this case that after the plaintiff's petition has been stripped of every asserted cause of action by special exceptions, a take-nothing judgment may not properly be rendered against the plaintiff.

Frank B. McGehee executed a deed of trust on certain property to secure a promissory note made by him payable to Richardson Savings And Loan. After McGehee allegedly defaulted on the note the property was sold to Richardson Savings And Loan at a sale held under the deed of trust by a substitute trustee known as 5.11 Corporation. McGehee brought this suit "Individually and as Trustee" (without identifying the latter capacity) against Richardson Savings And Loan and 5.11 Corporation pleading that the note was usurious, that the sale under the deed of trust was irregular in several particulars, and that defendant Savings And Loan had violated the terms of the deed of trust in certain ways causing him damages in the amount of $150,000.00. He prayed "that said Deed of Trust be cancelled and held for naught because of usury, or, in the alternative, that said sale by said Substitute Trustee be declared null and void and of no force and effect; that Plaintiff recover from the defendant Savings And Loan Association the sum of $150,000.00 because of its breach of the terms of the said Deed of Trust," and for general relief.

Defendants answered with eight special exceptions leveled at plaintiff's pleadings, a general denial, a special denial that the substitute trustee's sale under the deed of trust was irregular, and affirmatively pleaded detailed facts showing that the sale was regular. Later, defendants filed a motion for summary judgment supported by an affidavit and attached exhibits.

The special exceptions, which we need not detail, were all sustained. They effectively eliminated the essential allegations of every cause pleaded by plaintiff.

After plaintiff refused to amend within what the court determined to be reasonable time for doing so, defendants' motion for summary judgment was granted and judgment was rendered that plaintiff take nothing. He appeals.

Although summary judgment proceedings are not conventional trials, their purpose is to dispose of causes of action pleaded by plaintiffs and cross-claimants. Rule 166–A, Vernon's Tex.Rules Civ.Proc.; *Richards v. Allen*, 402 S.W.2d 158, 160 (Tex.Sup. 1966). When the summary judgment in question was rendered, plaintiff's petition was bare of any stated cause of action. There was nothing in plaintiff's pleading upon which the court could base a take-nothing judgment.

If a plaintiff's petition does not state a cause of action after special exceptions are sustained, and he refuses to amend, the proper order to be made in the case is an order dismissing plaintiff's suit. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.Sup.1974).

■ Under the record before us, the take-nothing summary judgment was improper. It is reversed and this cause is remanded to the trial court.

Of the eight special exceptions urged by defendant, only number five was good. Nevertheless, plaintiff's petition was unsworn and not supported by attached exhibits, the essential allegations in it were exceedingly skimpy, and it was accordingly vulnerable to proper exceptions. Plaintiff needs to replead, and he should be given an additional, set time in which to do so.

Reversed and remanded.