**GIBRALTAR SAVINGS ASSOCIATION,**
Petitioner,

v.

**James O. GERST, Savings and Loan Commissioner of Texas, et al., Respondents.**

No. B–238.

Supreme Court of Texas.

July 26, 1967.

Jacobsen & Long, Joe Long, Brown, Erwin, Maroney & Barber, Frank C. Erwin, Jr., Austin, for petitioner.

Crawford C. Martin, Atty. Gen., Charles M. Bardwell, Asst. Atty. Gen., John W. Stayton, Austin, Hutcheson, Taliaferro & Hutcheson, Houston, Sneed & Vine, Louis Scott Wilkerson, Austin, DeLange, Hudspeth, Pitman & Katz, C. M. Hudspeth, Houston, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

The Court of Civil Appeals has held: (1) that the ex parte affidavit of Dr. Francis Yeager introduced at the hearing before the Savings and Loan Commissioner may not be considered in determining whether the order of the Commissioner is supported by substantial evidence even though Dr. Yeager testified at the trial in the district court; and (2) that the finding of the Commissioner that there is no public need for the proposed branch office is reasonably supported by substantial evidence. 413 S.W.2d 718. We are in agreement with these conclusions.

Instead of rendering judgment upholding the order of the Commissioner, the intermediate court remanded the cause to the Commissioner in the interest of justice, citing Rules 434 and 505, Texas Rules of Civil Procedure, and the opinion in Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792. The cited rules and decision deal with remands to the trial court and do not support the action of the Court of Civil Appeals in this case. The remand to the Commissioner is not questioned, however, except by conditional applications for writ of error which must be dismissed because the application of Gibraltar Savings Association is not granted. It is unnecessary for us to determine, therefore, whether the action taken by the Court of Civil Appeals is authorized by Section 11.12 of Art. 852a, Vernon's Ann.Tex.Civ.Stat.

The application for writ of error filed by Gibraltar Savings Association is Refused, No Reversible Error, and the conditional applications filed by the Commissioner and by Houston First Savings Association et al. are dismissed.