PEOPLES SAVINGS AND LOAN ASSOCIATION OF LLANO, Texas, et al., Appellants,

v.

COMMUNITY SAVINGS AND LOAN ASSOCIATION, Appellee.

No. 11622.

Court of Civil Appeals of Texas. Austin.

July 17, 1968.

Rehearings Denied Aug. 14, 1968.

Small, Herring, Craig, Werkenthin &
Shannon, Fred B. Werkenthin, Austin, Car-
los Ashley, Jr., Llano, John W. Stayton,

Austin, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Sam Kelley, Asst. Atty. Gen., Austin, for appellants.

Jacobsen & Long, Joe R. Long, Austin, for appellee.

O'QUINN, Justice.

This case had its origin in an appeal to district court by Community Savings and Loan Association of Fredericksburg from an order of the Savings and Loan Commissioner of Texas denying its application for a branch office in Llano.

A competing application for charter to operate a savings and loan association in Llano, made by H. L. Buttery and others, had been considered also by the Commissioner and had been denied in a separate order on the same date Community's application for a branch office was refused. Buttery and associates proposed to call their organization Peoples Savings and Loan Association of Llano.

The Buttery group also appealed from the Commissioner's order refusing the charter, and the two appeals were before the district court at the same time. Buttery moved to consolidate the cases. The district court refused upon objection by Community to consolidate the two appeals, but did consolidate the cases for "trial purposes only." Separate hearings were conducted, separate docket notations were made, and separate statements of facts were maintained in each cause. The trial court on May 9, 1967, rendered two separate judgments, each of which overruled the Commissioner and granted the respective applications.

Buttery and associates, who had intervened in the Community case, filed motion for new trial in the Community case. They complained that the trial court erred in not consolidating the two cases. Community and the Commissioner filed a motion "to set hearing" on the motion for new trial and joined in the Buttery prayer for new trial in

Community's case. In addition, Community in the same motion asked for a new trial in the Buttery case. Neither Community nor Buttery filed motion for new trial in the separate case of Buttery and associates.

■ On June 19, 1967, more than thirty days after the judgments entered in May, the trial court granted new trials in both the Community case and the Buttery case. Buttery and associates obtained a writ of mandamus in the Supreme Court directing the trial court to vacate the order granting a new trial in the Buttery case. Judgment in the Buttery case had become final thirty days after entry, and motion for new trial in the Community case was unavailing as a motion for new trial in the Buttery suit. Buttery v. Betts, 422 S.W.2d 149 (Tex. 1968).

The Supreme Court denied a rehearing January 17, 1968, and the following day, January 18, the Commissioner issued a charter to Buttery and associates for the operation of Peoples Savings and Loan Association with its home office in Llano.

The Community case went to trial the second time on February 2, 1968. Peoples Savings and Loan sought to intervene. On Community's motion, the trial court struck the Peoples' plea in intervention. Buttery and associates, as organizers of Peoples Savings and Loan, had been original intervenors in the Community case almost from its inception.

Upon retrial of this case, the district court entered judgment on February 14, 1968, holding that the Commissioner's order denying Community's application for a branch office in Llano was not reasonably supported by substantial evidence and was therefore null and void.

From this judgment appeal has been taken by the Commissioner, the Buttery group, and by Peoples Savings and Loan Association.

Appellants assign six points of error. The principal contention made is that the trial court erred in ignoring the fact that, after

a final judgment in court, Buttery and associates had been granted a charter for Peoples Savings and Loan to serve a community admittedly unable to support more than one such institution.

The trial court struck the intervention of Peoples in which Peoples sought to raise this issue in the trial court. The trial court also sustained special exceptions to similar pleadings contained in the Commissioner's amended answer filed shortly before the second trial of Community's case.

■ The trial court declined to take notice of the grant of a charter to Peoples and considered Community's appeal solely upon the basis of the facts and records before the Commissioner at the time he entered his order of October 3, 1966.

We find this was error. We reverse the judgment of the trial court and render judgment for appellants.

The application of Community for a branch office in Llano was filed with the Commissioner on March 28, 1966. The application was set down for hearing on May 31, 1966. A few days before the hearing H. L. Buttery and associates filed their application for a charter to authorize Peoples to operate in Llano. The Commissioner held the hearing on Community's application as scheduled, but deferred decision on the branch office application until he had conducted a hearing on the charter application on September 1, 1966.

In reaching his decision on the two applications, the Commissioner considered the record made in both cases. On October 3, 1966, the Commissioner entered two separate orders in which he denied each application. It was from these two orders that both Community and the Buttery group appealed to district court in separate cases. As already indicated, the trial court refused to consolidate the causes on motion of Buttery to which Community had made objection.

The Commissioner found that there was no public need for either the branch office or the new charter in Llano, and that the volume of business in the community was not such as to indicate a profitable operation either for Community with a branch office or for Peoples under the proposed charter.

The trial court, after separate hearings and under separate judgments, found against the Commissioner and remanded the two applications for grant of a branch office to Community and a charter for Peoples, both to operate in Llano.

It is uncontroverted under the record that Llano and its environs could not support two new savings and loan facilities. In its motion "to set hearing" on motion for new trial, following the first trial, Community joined Buttery and associates in their motion for new trial in the Community case. Community urged that the trial court had erred in failing to determine that there was a public need and a volume of business in Llano for only one new savings and loan facility. This action was consistent with the position maintained by Community before the Commissioner.

Counsel for Community argued before the Commissioner that there was not "room enough for both" facilities under consideration. The president and manager of Community, a witness before the Commissioner, testified that he did not think there was sufficient business for more than one facility.

The witness was asked, "Is there enough business, is there a sufficient volume of business, loans available to be made and savings deposits available in the Llano and Burnet County area, I mean Llano County and the lakes, to support both your branch, which you proposed in Llano County, and a new association?"

In response the witness testified, "No, sir, I don't think there is."

Appellants contend that while the two appeals were before the trial court, the court·

should have determined that there was sufficient business to support one facility and then send the applications back to the Commissioner to decide which one should serve Llano.

"Considering only the record made at the hearings held by the Commissioner upon the two applications," appellants argue, "the most that the trial court could have legally done was first find that the volume of business in the area involved would support one savings and loan facility and, second, remand both applications to the Commissioner for a determination by him of whether the facility should be operated by Community or by the Buttery group."

Admittedly now, appellants say, it is impossible for the trial court to take this action "because, pursuant to legal action, the Commissioner has granted a charter to the Buttery group."

The competing applicants sought to place their respective facilities in a community recognized at hearings before the Commissioner as incapable of sustaining more than one such facility. The Commissioner set the two applications for comparative hearings and made his decision after he had the opportunity to determine whether a choice between the applicants in his discretion was appropriate. Instead of making a choice between the two applicants, the Commissioner found that there was not sufficient business to support either facility, and denied both applications. Since the two applications were mutually exclusive, comparative hearings were proper, considering the possibility that the Commissioner after hearing the evidence might grant one application to the exclusion of the other. Groendyke Transport, Inc. v. Railroad Commission, 426 S.W.2d 645 (Tex.Civ.App., Austin, writ ref., n. r. e.).

The discretion the Commissioner could have exercised in the first instance, while the applications were before him, to choose between the applicants was not exercised because the Commissioner in his discretion decided that neither application should be granted. The discretion the Commissioner would have exercised if directed by the trial court to make a choice was never exercised and is no longer available to the Commissioner. This discretion has been foreclosed by the intervening fact that one of the competing facilities is operating in Llano under a charter granted by the Commissioner upon a judicial determination.

The Supreme Court stated the rule in Gerst v. Nixon, 411 S.W.2d 350 (Tex.1966), affirming this Court in 399 S.W.2d 845, that the reviewing court is limited to the record made before the Commissioner and "the Commissioner's order is to stand or fall upon the evidence adduced and matters noticed at the Commissioner's hearing." Neither the trial court nor an appellate court has any discretion in determining whether Community is to have the branch office it seeks. This discretion is vested by statute exclusively in the Commissioner. Review by the courts is restricted to the legal question of whether the order of the Commissioner is reasonably supported by substantial evidence. Gerst v. Gibraltar Savings Association, 413 S.W.2d 718 (Tex. Civ.App., Austin, writ ref., n. r. e., 417 S. W.2d 584 [Tex.]).

The rule of review stated in Gerst v. Nixon, supra, undoubtedly is applicable in all cases in which there are no intervening facts creating or bringing about changed conditions subsequent to the action of the Commissioner. It was the obvious purpose of the legislature to control the number of savings and loan institutions through the Commissioner upon the basis of public need as determined by the Commissioner. Article 852a, sec. 2.08, Vernon's Ann.Civ.Sts. The Commissioner has made it known that in his opinion there was no public need for either proposed facility.

Community Savings sought leave in this Court on March 8, 1968, to file a petition for prohibition and injunction against the district judge of the 33rd Judicial District Court of Llano County from enforcing a temporary restraining order granted on

March 6 to prevent Community Savings "from engaging in and unlawfully conducting any business operations at a branch office in Llano, Texas, and advertising or holding itself out as having any authority to conduct any such business."

In its motion Community Savings stated that after the district court in Travis County in the cause now on appeal entered judgment February 14, 1968, setting aside the order of the Commissioner denying Community's request for a branch office, Community Savings on March 4, 1968, "opened its branch office in Llano, Texas." Peoples Savings and Loan applied to the district court of Llano County and obtained the order restraining Community from operating a branch office in Llano.

This Court overruled the motion of Community Savings for leave to file petition for writ of prohibition. In a written opinion we stated that the cause from Travis County was under appeal and the judgment of the trial court had been superseded. Ammex Warehouse Company v. Archer, Tex., 381 S.W.2d 478. We pointed out that Community Savings was operating a branch office in Llano without authority. We held that the request of Peoples Savings to the district court of Llano County to protect Peoples against unlawful competition by Community did not interfere with our jurisdiction but was in aid of and in protection of our jurisdiction.

If on review we should hold that the Commissioner's order denying Community a branch office was not reasonably supported by substantial evidence, with no consideration being given to the fact that since the date of the order a competing association has been authorized to serve the same community, this action would result in disregard of the rule of mutual exclusion that granting of one application forecloses the grant of the other. In discharging our duty to enforce the savings and loan statutes insofar as the courts are permitted, we cannot isolate the record made by Community before the Commissioner and confine our review to it alone without simultaneous notice of

events flowing from the proceedings which directly affect the public interest. If we refuse to notice both the record and intervening facts in the case before us, and look only to the record, a holding of no substantial evidence would result in heedless substitution of judicial discretion for that of the Commissioner, a course we are unwilling to follow.

For the reasons stated, we decline to ignore the fact that a competing savings and loan institution, in a community where mutually exclusive applications were considered by the Commissioner, has been authorized since the Commissioner's order to begin serving the public. We hold that upon the grant of a charter to Peoples Savings and Loan Association, grant of a branch office to Community Savings and Loan Association was foreclosed under the records made before the Commissioner.

The judgment of the trial court is reversed, and judgment is here rendered affirming the order of the Commissioner denying Community's application for a branch office.

Reversed and rendered.